Gabriel J. McCarthy
Attorney at Law
ID Bar No. 7516
401 Front Street
Suite 302
Boise, ID 83702
Phone:  (208) 343-8888
Fax:  (208) 345-9982
mccarthylaw@cableone.net

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLBY MORGAN, | Case No. |
| Plaintiff, | |
| v. | |
| STINKER STORES INC., | COMPLAINT |
| Defendant. | |

## COMPLAINT FOR PERMANENT INJUNCTION
## REQUIRING CHANGES TO CORPORATE POLICY AND THE ELIMINATION OF
## DIGITAL ACCESS BARRIERS PURSUANT TO 42 U.S.C. § 12188(a)(2)

Colby Morgan ("Plaintiff") seeks a permanent injunction requiring a change in Stinker

Stores Inc.'s ("Defendant") corporate polices to cause Defendant's website to become, and

remain, accessible, and in support thereof, Plaintiff asserts as follows:

## INTRODUCTION

1.      Plaintiff brings this action against Defendant and asserts that its website is not accessible to blind and visually impaired consumers in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA").  Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies related to its web-based technologies so that Defendant's website will become, and will remain, accessible.  The website at issue is the following:  www.stinker.com ("Website").

2.      While the increasing pervasiveness of digital information presents an unprecedented opportunity to increase access to goods and services for people with perceptual or motor disabilities, website developers and web content developers often implement digital technologies without regard to whether those technologies can be accessed by individuals with disabilities.  This is notwithstanding the fact that accessible technology is both readily available and cost effective.

3.      Blind and visually impaired consumers must use screen reading software or other assistive technologies in order to access website content.  Defendant's Website contains digital barriers which limit the ability of blind and visually impaired consumers to access the sites.

4.      Plaintiff has patronized Defendant's Website in the past, and intends to continue to patronize Defendant's Website.  However, unless Defendant is required to eliminate the access barriers at issue, and required to change its policies so that access barriers do not reoccur on Defendant's Website, Plaintiff will continue to be denied full access to the Website as described, and will be deterred from fully using Defendant's Website.

5.      The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action.  In relevant part, the ADA provides the following:

> In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . .

42 U.S.C. § 12188(a)(2).

6.     Because Defendant's Website has never been accessible and because Defendant does not have, and has never had, a corporate policy that is reasonably calculated to cause its Website to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring the following:

   a) Defendant to retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of its Website so that it complies with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0 AA");

   b) Defendant to work with the Mutually Agreed Upon Consultant to ensure that  all employees involved in website development and content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

   c) Defendant to work with the Mutually Agreed Upon Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's Website continues to comply with WCAG 2.0 AA on an ongoing basis;

   d) Defendant to work with the Mutually Agreed Upon Consultant to perform end-user accessibility/usability testing on a periodic basis with said testing to be performed by individuals with various disabilities to evaluate whether Defendant's Website continues to comply with WCAG 2.0 AA on an ongoing basis;  and

e) Defendant to work with the Mutually Agreed Upon Consultant to create an accessibility policy that will be posted on its Website, along with an e-mail address and toll free phone number to report accessibility-related problems.[1]

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

8.      Plaintiff's claims asserted herein arose in this judicial district, and Defendant's principal place of business in this judicial district.

9.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

10.      Plaintiff is and, at all times relevant hereto, has been a resident of the State of Idaho.  Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

11.      Defendant Stinker Stores Inc., is a privately-owned chain of gas stations and convenience stores with its principal place of business at 300 N. Orchard Street, Boise, ID 83706.  Defendant owns, operates, and maintains retail brick and mortar stores within this

---

[1] Web-based technologies have features and content that are modified on a daily, and in some instances an hourly, basis, and a one time "fix" to an inaccessible website will not cause the website to remain accessible without a corresponding change in corporate policies related to those web-based technologies.  To evaluate whether an inaccessible website has been rendered accessible, and whether corporate policies related to web-based technologies have been changed in a meaningful manner that will cause the website to remain accessible, the website must be reviewed on periodic basis using both automated accessibility screening tools and end user testing by disabled individuals.

judicial district.  Defendant's retail stores offer goods and services to the public.  Defendant also offers goods and services to the public through the Website.  Defendant's brick and mortar stores and Website are integrated and are public accommodations pursuant to 42 U.S.C. § 12181(7).

## FACTUAL BACKGROUND

12.     The internet has become a significant source of information and a means for conducting everyday activities such as shopping, banking, etc. for sighted, blind, and visually-impaired persons, as well as individuals with other perceptual or motor disabilities.

13.     Blind individuals may access websites by using keyboards in conjunction with screen reader software that converts text to audio.  Screen reader software provides the primary method by which a blind person may independently use the internet.  Unless websites are designed to be read by screen reader software, blind individuals are unable to fully access websites and the information, products and services available through the sites.

14.     The international website standards organization, W3C, has published WCAG 2.0 AA.  WCAG 2.0 AA provides widely accepted guidelines for making websites accessible to individuals with disabilities.  These guidelines have been endorsed by the United States Department of Justice and numerous federal courts.

15.     Through its Website, Defendant offers products for online sale, home delivery and purchase at Defendant's retail stores.  Defendant's Website also helps users locate stores, view and purchase products, read product descriptions and prices, create and read product reviews, sign up for email lists, and perform a variety of other functions.

16.     Plaintiff is permanently blind and uses screen reader software in order to access the internet and read website content.

17.     Despite several attempts to use and navigate the Website, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services available on the Website as a result of access barriers.

18.     The barriers at the Website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff from attempting to use Defendant's Website.

19.     The access barriers at the Website, include but are not limited to, the following:

a)  A text equivalent for every non-text element is not provided;

b)  Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

c)  Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

d)  If the content enforces a time limit, the user is not able to extend, adjust or disable it;

e)  Not all webpages have titles that describe the topic or purpose;

f)  The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

g)  The default human language of each web page cannot be programmatically determined;

h)  When content requires user input, labels or instructions are not always provided;

i)  In content implemented using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique; and

j)  The name and role of all UI elements cannot be programmatically determined; things that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including assistive technology.

20.     If the Website were accessible, Plaintiff could independently shop for and research products via Defendant's Website.

21.     Though Defendant has centralized policies regarding the maintenance and operation of its Website, Defendant has never had a plan or policy that is reasonably calculated to make its Website fully accessible to, and independently usable by, blind people.

22.     Without injunctive relief, Plaintiff and other blind individuals will continue to be unable independently to use the Website, which is in violation of their rights under the ADA.

**SUBSTANTIVE VIOLATION**
**(Title III of the ADA, 42 U.S.C. § 12181 *et seq.*)**

23.     The allegations contained in the previous paragraphs are incorporated by reference.

24.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:  "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).

25.     Defendant's retail stores and integrated Website are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

26.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity.  42 U.S.C. § 12182(b)(1)(A)(i).

27.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods,

7

services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals.  42 U.S.C. § 12182(b)(1)(A)(ii).

28.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:  "a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden."  42 U.S.C. § 12182(b)(2)(A)(ii)-(iii); *see also* 28 C.F.R. § 36.303(a).

29.     Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."  28 C.F.R. § 36.303(c)(1).  The regulation sets forth numerous examples of "auxiliary aids and services," including "…accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision."  28 C.F.R. § 36.303(b).

30.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder.  Plaintiff, who is blind and has disabilities that substantially limited the major life activity of seeing within the meaning of 42 U.S.C. §§ 12102(1)(A) and

(2)(A), has been denied full and equal access to the Website. Plaintiff has not been provided

services that are provided to other patrons who are not disabled, and/or has been provided

services that are inferior to the services provided to non-disabled persons. Defendant has failed

to take any prompt and equitable steps to remedy its discriminatory conduct. These violations

are ongoing.

31.   Pursuant to 42 U.S.C. § 12188, and the remedies, procedures and rights set forth

and incorporated therein, Plaintiff requests relief as set forth below.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays for:

a.   A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Website is fully accessible to, and independently usable by, blind individuals;

b.   A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to bring its Website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its Website is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law—the specific injunctive relief requested by Plaintiff is described more fully in Paragraph 6 above;

c.   Payment of costs of suit;

d.   Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and

e.   The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated: June 20, 2016                             Respectfully Submitted,

                                                 */s/ Gabriel J. McCarthy*

Gabriel J. McCarthy
Attorney at Law
ID Bar No. 7516
401 Front Street
Suite 302
Boise, ID 83702
Phone:  (208) 343-8888
Fax:  (208) 345-9982

Benjamin J. Sweet (PA Bar No. 87338)
R. Bruce Carlson (PA Bar No. 5667)
Stephanie K. Goldin (PA Bar No. 202865)
CARLSON LYNCH SWEET KILPELA &
CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Phone:  (412) 322.9243
Fax:  (412) 231.0246

*Counsel for Plaintiff*